JOSEPH RUSSONIELLO (CSBN 118321)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
VICTORIA R. CARRADERO CSBN (217885)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102
Telephone: (415) 436-7181
Facsimile:   (415) 436-6748
Email: victoria.carradero@us.doj.gov

Attorneys for Federal Defendant Noemi Luna, San Francisco Postmaster

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NEXT ARTS, <br><br> Plaintiff, <br><br> v. <br><br> NOEMI LUNA, SAN FRANCISCO POSTMASTER <br><br> Defendant. | CASE NO. C 08-3483 JCS <br><br> DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES <br><br> [Fed. R. Civ. Proc. 12(b)(1) and 12(b)(6)] <br><br> Date:        August 29, 2008 <br> Time:       9:30 a.m. <br> Courtroom: A, 15th Floor <br> Judge:      Spero |

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on August 29, 2008 at 9:30 a.m., or as soon thereafter as the matter may be heard, Federal Defendant Noemi Luna, San Francisco Postmaster ("the Postmaster"), will and hereby does request the Honorable Spero in Courtroom A, at 450 Golden Gate Avenue, 15th Floor, in San Francisco, California, to issue an order dismissing the complaint and action in the above-captioned matter with prejudice pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). This motion will be made on the grounds that this Court lacks subject matter jurisdiction because (1) Plaintiff failed to exhaust administrative remedies by filing an administrative claim prior to initiating suit, 28 U.S.C. §§ 2401(b), 2675; and (2) 28 U.S.C. Section 2680(b) expressly provides that the

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS - C 08-3483 JCS            1

government cannot be sued for "any claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." Additionally, the Postmaster is not a proper defendant in this negligence action. Finally, Plaintiff has not and cannot allege any cognizable cause of action against the Postmaster.

This motion is based upon all of the papers currently on file in the above-captioned matter, the accompanying memorandum of points and authorities and the declaration of Gwendolyn E. Murray filed concurrently herewith.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.      INTRODUCTION**

Plaintiff Next Arts ("Plaintiff") filed a small claims action against the Postmaster in San Francisco Superior Court for allegedly failing to deliver mail to a P.O. Box office address. Plaintiff failed to exhaust administrative remedies by filing a proper administrative claim under 28 U.S.C. § 2675. McNeil v. United States, 508 U.S. 106, 113 S.Ct. 1980 (1993). However, even if Plaintiff were to satisfy prerequisites to suit, a federal statute expressly prohibits Plaintiff's claim. See 28 U.S.C. §2680(b) (the government cannot be sued for "any claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter.") Thus, this Court lacks subject matter jurisdiction over this action. Moreover, to the extent Plaintiff seeks to sue the Postmaster or the United States Postal Service ("USPS"), neither is a proper defendant under the Federal Tort Claims Act ("FTCA"). City of Whittier v. U.S. Dept. of Justice, 598 F.2d 561 (9th Cir. 1979) (dismissing action because federal agencies are not subject to suit "*eo nomine*"). Lastly, Plaintiff's complaint is nonsensical, and does not allege any cognizable legal theory for relief.

For all of these reasons, the Court should dismiss this entire action with prejudice.

**II.     STATEMENT OF FACTS**

On May 20, 2008, Plaintiff filed a complaint in the San Francisco Superior Court, Small Claims Division, against the Postmaster. Notice of Removal, Exhibit A. Plaintiff claims that the Postmaster owes $5,000 because of "willful obstruction of delivery of mail." Id. Plaintiff did not file the prerequisite administrative claim. Declaration of Gwendolyn E. Murray ("Murray Dec."), ¶ 3.

On June 20, 2008, the Postmaster was served with a copy of the small claims complaint.

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS - C 08-3483 JCS         2

On July 21, 2008, federal defendant removed the case to federal court and the Civil Chief for the United States Attorney certified that the Postmaster was at all times acting within the course and scope of her employment. Certification Pursuant to 28 U.S.C. § 2679(d) ("Certification").

**III.     THE COURT SHOULD DISMISS THIS CASE WITH PREJUDICE**

   **A.     The Legal Standards For A Motion To Dismiss**

The Court has authority to grant dismissal of a case either for lack of subject matter jurisdiction (Fed.R.Civ.P. 12(b)(1)), or for failure to state a claim upon which relief may be granted (Fed.R.Civ.P. 12(b)(6)). Klarfeld v. United States, 944 F.2d 583, 585 (9th Cir. 1991); Hooker v. U.S. Dept. Of Health and Human Services, 858 F.2d 525, 529 (9th Cir. 1988).

With respect to a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, the standards that the Court must apply vary according to the nature of the jurisdictional challenge. If the challenge is a facial attack -- one contesting jurisdiction solely on the allegations of the complaint -- the factual allegations of the complaint are presumed to be true, and the motion is granted only if the plaintiff fails to allege an element necessary for subject matter jurisdiction. Thornhill Pub. v. Gen'l Telephone & Electronics, 594 F.2d 730, 733 (9th Cir. 1979). If the motion is made as a "speaking motion" attacking the existence of subject matter jurisdiction in fact and the jurisdictional issue is separable from the merits of the case, the Court may consider the evidence presented with respect to the jurisdictional issue and rule on that issue, resolving factual disputes if necessary. Thornhill, 594 F.2d at 733; Augustine v. United States, 704 F.2d 1074, 1077 (9th Cir. 1983) (The court is "free to hear evidence regarding jurisdiction and to rule on that issue prior to trial, resolving factual disputes where necessary.") (quotations omitted). As explained by the Thornhill court, the Court need not assume the truth of the allegations in the complaint in deciding a Rule 12(b)(1) motion:

> Faced with a factual attack on subject matter jurisdiction, "the trial court may proceed as it never could under Rule 12(b)(6) or Fed.R.Civ.P. 56. * * * (N)o presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. Moreover, the plaintiff will have the burden of proof that jurisdiction does in fact exist.

Thornhill at 733 (citations and footnote omitted).

Where a jurisdictional issue is separable from the merits of a case, the Court may

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS - C 08-3483 JCS        3

1  determine jurisdiction under Rule 12(b)(1).  Roberts v. Corrothers, 812 F.2d 1173, 1177 (9th Cir. 1987).
2  A complaint will be dismissed for lack of subject matter jurisdiction if (1) the cause does not "arise
3  under" any federal law or the United States Constitution, or (2) the cause is not one described by any
4  jurisdictional statute.  Baker v. Carr, 369 U.S. 186, 198 (1962).

### B. This Court Lacks Subject Matter Jurisdiction Over Plaintiff's Claims

#### 1. Plaintiff Failed To Exhaust Administrative Remedies.

A longstanding principle in our legal system is that the United States cannot be sued without its consent.  United States v. Testan, 424 U.S. 392, 399 (1976).  A district court has no jurisdiction to award relief against the United States unless such relief is expressly authorized by statute because the United States has sovereign immunity.  FDIC v. Meyer, 510 U.S. 471, 476 (1994); Hodge v. Dalton, 107 F.3d 705, 707 (9th Cir. 1997).  The terms of the United States' consent define the federal court's jurisdiction to hear the suit, and any ambiguity in the terms of the waiver are strictly construed in favor of the United States  Testan, 424 U.S. at 399; Dept. of the Army v. Blue Fox, Inc., 525 U.S. 255, 261 (1999).  The burden of showing an unequivocal waiver of immunity lies with the party who seeks to bring suit against the federal government.  West v. Federal Aviation Admin., 830 F.2d 1044, 1046 (9th Cir. 1987).

Here, Plaintiff purports to allege a cause of action for the tort of negligence against the Postmaster regarding the delivery of mail[1].  Notice of Removal, Ex. A.  The only statute that waives the United States' sovereign immunity for tort claims is the FTCA, 28 U.S.C. §§1346, 2671-2680.  The FTCA vests the federal district courts with exclusive jurisdiction over suits arising from certain torts of Government employees.  Jerves v. United States, 966 F.2d 517, 518 (9th Cir. 1992).  The FTCA, however, "further provides that before an individual can file an action against the United States in district court, [he] must seek an administrative resolution of [his] claim."  Id.  28 U.S.C. Section 2675(a)

---

[1] Plaintiff's tort claims must be brought pursuant to the Federal Tort Claims Act ("FTCA"). Under the FTCA, the only proper defendant is the United States, not the Postmaster.  It is well settled that no FTCA claims lie against individuals who are acting within the course and scope of their employment. 28 U.S.C. § 2679(d)(1); Billings v. United States, 57 F.3d 797, 799 (9th Cir. 1995).  Thus, the United States should be substituted in place of the Postmaster and she should be dismissed.  28 U.S.C. § 2679(a); Allen v. Veterans Admin., 749 F.2d 1386, 1388 (9th Cir. 1984).

reads, in relevant part:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless <u>the claimant shall have first presented the claim to the appropriate Federal agency</u> and <u>his claim shall have been finally denied by the agency in writing</u> and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. §2675(a). As the Ninth Circuit noted in <u>Caton v. United States</u>, 495 F.2d 635, 638 (9th Cir. 1974), "the statutory procedure is clear." <u>Id.</u> at 638. A plaintiff must first file an administrative claim with the agency and "may not commence his court action until either (1) the agency makes a final decision within the six months' period, or (2) six months transpires after the claim is filed with the agency, and the claimant then treats the agency failure to act as a final denial of the claim." <u>Id.</u>

One of the primary reasons Congress enacted the exhaustion requirements set forth in Section 2675(a) "was to encourage administrative settlement of claims against the United States and thereby to prevent an unnecessary burdening of the courts." <u>Jerves</u> at 520. As the Supreme Court explained in <u>McNeil v. United States</u>, 508 U.S. 106, 113 S.Ct. 1980 (1993):

> Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process. Every premature filing of an action under the FTCA imposes some burden on the judicial system and on the Department of Justice which must assume the defense of such actions. Although the burden may be slight in an individual case, the statute governs the processing of a vast multitude of claims.

<u>Id.</u> at 112 (footnote omitted).

Accordingly, it is well-settled that "[a] tort claimant may not commence proceedings in court against the United States without first filing [his] claim with an appropriate federal agency and either receiving a conclusive denial of the claim from the agency or waiting for six months to elapse without a final disposition of the claim being made." <u>Jerves</u> at 519. The Ninth Circuit has repeatedly held that the "claim requirement of section 2675 is jurisdictional in nature and may not be waived." <u>Id.</u> (quotations and citations omitted); <u>Cadwalder v. United States</u>, 45 F.3d 297, 300 (9th Cir. 1995). Because the exhaustion requirement is "jurisdictional in nature", it "must be interpreted strictly" and "strictly adhered to." <u>Brady v. United States</u>, 211 F.3d 499, 502 (9th Cir. 2000); <u>Vacek v. U.S. Postal Service</u>, 447 F.3d 1248, 1250 (9th Cir. 2006) ("We are not allowed to proceed in the absence of

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS - C 08-3483 JCS    5

fulfillment of the [FTCA exhaustion] conditions merely because dismissal would visit a harsh result upon the plaintiff.")

In spite of the FTCA's exhaustion requirement (see 28 U.S.C. Section 2675(a)), Plaintiff filed the state court action without first submitting an administrative claim in writing to the National Tort Center for the United States Postal Service, and without obtaining a final agency decision on the alleged claim. Murray Dec. ¶3. Accordingly, this case should be dismissed on the ground that Plaintiff failed to exhaust administrative remedies as required by the FTCA and therefore, this Court lacks subject matter jurisdiction over it. Jerves at 519 (Because plaintiff "commenced this action before receiving the NLSO's final denial of her claim," the district court correctly dismissed her suit for lack of subject matter jurisdiction.); Brady at 503 (district court correctly granted defendant's motion to dismiss on ground plaintiff failed to exhaust her administrative remedies); Caton at 638-39 (the district court "should have dismissed the claim for lack of jurisdiction" when plaintiff filed suit before the agency made a final decision on his claim, and before the six month period allowed the agency had expired.)

    2.  Plaintiff Has Not And Cannot Allege Any Statute Expressly Waiving Sovereign Immunity.

As stated above, a plaintiff bringing suit against the United States must identify the express waiver of sovereign immunity. People ex rel. Irvin, 170 F.Supp.2d 1040, 1048-49 (E.D. Cal. 2001); Lonsdale v. United States, 919 F.2d 1440, 1444 (10th Cir. 1990) (plaintiff must identify "an explicit waiver of sovereign immunity"). Here, Plaintiff sues the Postmaster, an employee of the United States. As this case arises out of the USPS's alleged negligent failure to deliver mail, Plaintiff cannot state a claim. The FTCA expressly provides that the government cannot be sued for "any claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. §2680(b). That is, the USPS retains sovereign immunity for claims relating to the "unavoidable mishaps incident to the ordinary, accepted operation of delivering millions of packages each year." Brandofino v. USPS, 14 F.Supp.2d 1160, 1163 (D. Az. 1998) (quoting Jacob A. Sten et al., 1 Administrative Law §6A.04[3][b][I] at 6A-99 (1998)). Section 2680(b) prohibits "claims based on incidents such as delays in delivering a letter, delivering it to the wrong address, and the loss of a package," even when the USPS admits negligence. Id.; see also Sportique Fashions, Inc. v. Sullivan, 421 F.Supp. 302, 307 (N.D. Cal.

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS - C 08-3483 JCS   6

1976)("Every day millions of pieces of mail are processed by postal employees, and concededly a small percentage of these are delivered late or not at all. Yet it is hardly accidental that despite the numerous instances of potential suits for damages, there is not a single reported decision in which damages have been awarded against postal employees [for negligent failure to deliver mail].")

It is well-settled in the Ninth Circuit that Section 2680(b) strictly prohibits claims such as the claim alleged in this case that the USPS or its employees failed to timely deliver mail. By way of example, in a case where the USPS failed to timely deliver time-sensitive materials even though a USPS employee had promised the plaintiff that they would be delivered within 48 hours, the Ninth Circuit held that the plaintiff could not state a cause of action. Rider v. United States Postal Service, 862 F.2d 239, 242 (9th Cir. 1988) (affirming dismissal of case alleging Postal Service failed to deliver materials within promised time frame, resulting in materials' loss in value). Similarly, in holding that Plaintiff's claims against USPS employees for losing eight pieces of certified mail were barred, the Ninth Circuit in Soos reasoned that regardless of what the claims were labeled, the ultimate claim was "liability for negligent transmission [of postal matter]." Soos v. Potter et al., 72 Fed.Appx. 673, 674 (9th Cir. 2003) (affirming dismissal of case alleging Postal Service employees lost eight pieces of certified mail).

Given that Plaintiff has not and cannot identify any statute authorizing it to sue the Postmaster, the government or a government agency such as the USPS for alleged failure to deliver mail, the Complaint should be dismissed with prejudice on this ground alone. Anderson v. USPS, 761 F.2d 527, 528 (9th Cir. 1985) (negligence claim against USPS for failure to deliver an insured and registered package containing original musical compositions barred by Section 2680(b)).

**IV.   PLAINTIFF HAS NOT AND CANNOT ALLEGE A COGNIZABLE CLAIM FOR RELIEF.**

Defendant also moves for dismissal of this case under Federal Rule of Civil Procedure 12(b)(6). The law is well-settled that a court should grant a Rule 12(b)(6) motion and dismiss the complaint where there is either a "lack of a cognizable legal theory," or "the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).

Here, the only allegation Plaintiff makes in the Complaint as to why it has a claim against the Postmaster is "willful obstruction of delivery of mail," and therefore, the Postmaster purportedly

owes $5,000. Notice of Removal, Ex. A. As this allegation is nonsensical and fails to state a cognizable legal theory against the Postmaster entitling Plaintiff to the relief requested, this action should be dismissed in its entirety.

**V.    CONCLUSION**

For all the foregoing reasons, federal defendant respectfully requests that this action be dismissed with prejudice.

Dated: July 25, 2008                              Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney

By         /s/
VICTORIA R. CARRADERO
Assistant United States Attorney